IN THE UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Alicia Holland, | ) | C/A No. 9:20-cv-03479-DCN-MHC |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **AMENDED ANSWER OF DEFENDANT** |
| | ) | **BEAUFORT COUNTY** |
| Versus | ) | |
| | ) | **(Jury Trial Demanded)** |
| Beaufort County and James Beckert, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Defendant Beaufort County (hereinafter referred to as "this Defendant"), by and through the undersigned counsel, answering Plaintiff's Complaint, subject to all applicable motions, affirmative defenses, and other pleadings, as follows:

**FOR A FIRST DEFENSE**

1. This Defendant denies each and every allegation of Plaintiff's Complaint, not hereinafter specifically admitted.

**FOR A SECOND DEFENSE**

2. Answering Paragraph 1: The allegations state conclusions of law to which no response is required. All compound and inconsistent allegations are hereby denied.

3. Answering Paragraph 2: The allegations state conclusions of law to which no response is required. All compound and inconsistent allegations are hereby denied.

4. Answering Paragraphs 3: The allegations state conclusions of law to which no response is required. All compound and inconsistent allegations are hereby denied.

5. Answering Paragraph 4 and 5: Denied as written. Further answering and notwithstanding any provision of law, the South Carolina Tort Claims Act is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty. The provisions of the South Carolina Tort Claims Act establish limitations on and exemptions to the liability of the governmental entity

and must be liberally construed in favor of limiting the liability of the governmental entity. To the extent Plaintiff's allegations set forth in Paragraphs 4 and 5 either expressly or impliedly allege negligence, gross negligence, or any liability whatsoever against this Defendant, those allegations are denied.

6. Answering Paragraph 6: Denied as written. Further, the compound allegations additionally state conclusions of law to which no response is required.

7. Answering Paragraph 7: Denied.

8. Answering Paragraphs 8 – 42: This Defendant lacks sufficient information to answer the allegations contained in Paragraphs 8 – 42 of Plaintiff's Complaint. This Defendant craves reference to the Constitution of the State of SC, regulations, statutes, specific ledgers, data, audits, millage rates, revenues, memos, letters, electronic communications, official investigative reports, court records, medical records, and other evidence to be supplied by all parties through discovery. To the extent the allegations set forth in Paragraphs 8 – 42 of Plaintiff's Complaint either expressly or impliedly allege negligence, gross negligence, fraud, collusion or any liability whatsoever against this Defendant, those allegations are denied. Further, this Defendant moves to strike those allegations deemed vague, ambiguous, redundant, immaterial, impertinent, indirect or imprecise.

9. Answering Paragraphs 43, 44, and 45: Denied as written.

## AS TO PLAINTIFF'S FIRST CAUSE OF ACTION
**(Equal Protection under 42 U.S.C. § 1983
-Harassment and Discrimination against Beaufort County)**

10. Answering Paragraph 46: This Defendant realleges and incorporates by reference all of the responses in the above Paragraphs as if fully repeated verbatim herein.

11. Answering Paragraph 47: Denied.

12. Answering Paragraph 48: Denied as written.

13.   Answering Paragraphs 49, 50, 51, and 52: Denied. Further, this Defendant moves to strike those allegations deemed vague, ambiguous, redundant, immaterial, impertinent, indirect or imprecise.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION
### (Negligence against Beaufort County)

14.   Answering Paragraph 53: This Defendant realleges and incorporates by reference all of the responses in the above Paragraphs as if fully repeated verbatim herein.

15.   Answering Paragraphs 54, 55, 56, 57, 58, 59, 60, including subparts a-h, 61 and 62: Denied as written. Further, this Defendant moves to strike those allegations deemed vague, ambiguous, redundant, immaterial, impertinent, indirect or imprecise.

## AS TO PLAINTIFF'S THIRD CAUSE OF ACTION
### (Assumption of a Duty against Beaufort County)

16.   Answering Paragraph 63: This Defendant realleges and incorporates by reference all of the responses in the above Paragraphs as if fully repeated verbatim herein.

17.   Answering Paragraph 64, 65, 66, 67, 68, 69, 70, 71 and 72: Defendant Beaufort County specifically refers to the handbook, policies, and other data for a complete recitation of language therein.  To the extent the allegations set forth in Paragraph 64 through 72 of Plaintiff's Complaint either expressly or impliedly allege duty, negligence, gross negligence, slander, libel, deliberate indifference or any liability whatsoever against this Defendant, those allegations are denied. Further, this Defendant moves to strike those allegations deemed vague, ambiguous, redundant, immaterial, impertinent, indirect or imprecise.

## AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Outrage Against Jim Beckert)

18.   Answering Paragraph 73: This Defendant realleges and incorporates by reference all of the responses in the above Paragraphs as if fully repeated verbatim herein.

19.   Answering Paragraphs 74, 75, 76, and 77: Upon information and belief, Paragraphs 74, 75, 76, and 77 are directed towards parties other than this Defendant, and, therefore no

response is required.  To the extent any such allegations are deemed to apply to this Defendant, they are hereby denied.

## AS TO PLAINTIFF'S FIFTH CAUSE OF ACTION
### (Assault Against Jim Beckert)

20. Answering Paragraph 78: This Defendant realleges and incorporates by reference all of the responses in the above Paragraphs as if fully repeated verbatim herein.

21. Answering Paragraphs 79 and 80: Upon information and belief, Paragraphs 79 and 80 are not directed towards this Defendant, and, therefore no response is required. To the extent any such allegations are deemed to apply to this Defendant, they are hereby denied.

## AS TO PLAINTIFF'S SIXTH CAUSE OF ACTION
### (Defamation Against Jim Beckert)

22. Answering Paragraph 81: This Defendant realleges and incorporates by reference all of the responses in the above Paragraphs as if fully repeated verbatim herein.

23. Answering Paragraphs 82 – 89: Upon information and belief, Paragraphs 82 – 89 are not directed towards this Defendant, and, therefore no response is required. To the extent any such allegations are deemed to apply to this Defendant, they are hereby denied.

## AS TO PLAINTIFF'S SEVENTH CAUSE OF ACTION
### (Equal Protection Under 42 U.S.C. § 1983 Against Jim Beckert)

24. Answering Paragraph 90: This Defendant realleges and incorporates by reference all of the responses in the above Paragraphs as if fully repeated verbatim herein.

25. Answering Paragraphs 91, 92, and 93: Upon information and belief, Paragraphs 91, 92, and 93 are not directed towards this Defendant, and, therefore no response is required. To the extent any such allegations are deemed to apply to this Defendant, they are hereby denied.

26. Answering Plaintiff's Prayer for Judgment (non-numbered): This Defendant denies Plaintiff is entitled to recover the relief requested from this Defendant.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE THIS DEFENDANT ALLEGES:
### (No Breach of Duty)

27. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

28. At no time pertinent hereto, did this Defendant breach any duty owed to Plaintiff. Consequently, the Plaintiff is barred from recovery against this Defendant and this Defendant is entitled to a judgment on the pleadings as a matter of law.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**
**(No Proximate Cause)**

29. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

30. That, even if this Defendant was negligent, as alleged in the Amended Complaint, which is specifically denied, the negligence of this Defendant was not the direct or proximate cause of any injury alleged by the Plaintiff and therefore this Defendant is not liable for any damages allegedly sustained by the Plaintiff.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**
**(Objectively Reasonable)**

31. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

32. All actions/inactions of this Defendant's employees were objectively reasonable in all respects in light of existing law. All actions/inactions were objectively reasonable in light of the facts and circumstances confronting this Defendant. Therefore, this Defendant is entitled to immunity as a matter of law.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**
**(State Law Immunity)**

33. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

34. That at all times relevant to the allegations contained in the Amended Complaint, this Defendant was acting according to and in compliance with specific laws, rules and regulations of the State of South Carolina and/or Beaufort County, and is therefore immune from suit and plead such statutory or regulatory authorization as a complete defense and bar to the Plaintiff' Amended Complaint.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**
**(Governmental Immunity/Tort Claims Act)**

35. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

36. The provisions of the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10, et seq., including all subparts, apply to any state law claims in this action. At all times pertinent to the claims raised in Plaintiff' Amended Complaint, this Defendant and its employees in their official capacities were acting as arms of the State of South Carolina, acting within the scope of their employment and as such are immune from liability for any tort except as specifically waived by the South Carolina Tort Claims Act pursuant to South Carolina Code Ann. § 15-78-60, including all sub-parts as applicable through facts of trial and discovery. The South Carolina Tort Claims Act constitutes the exclusive remedy for any tort committed by the employees of the governmental entity who were acting within the scope of their employment. Furthermore, while this Defendant specifically denies that the Plaintiff are entitled to recover any damages whatsoever as set out in the preceding and following paragraphs of this Answer, the limitations on liability provided in South Carolina Code Ann. § 15-78-120 apply to any state tort claims in this action, if any. Accordingly, the Plaintiff are not entitled to recover any award for damages that exceeds the limitation of liability set forth in S. C. Code Ann. § 15-78-120. Also, the Plaintiff are not entitled to recover punitive or exemplary damages or pre-judgment interest as set forth in S. C. Code Ann. § 15-78-120. Finally, this Defendant is not authorized to waive the State of South Carolina's

sovereign immunity from suit for purposes of any claim by the Plaintiff which may be governed by the South Carolina Tort Claims Act. This Defendant has not intended to waive, and has not waived the State of South Carolina's sovereign immunity.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:
### (§15-78-60 - Tort Claims Act)

37. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

38. This Defendant is a governmental entity of the State of South Carolina, as defined by South Carolina Code Ann. § 15-78-30, and is immune from liability for any tort except as specifically waived by the South Carolina Tort Claims Act. The Plaintiff are not entitled to recovery against the Defendants pursuant to South Carolina Code Ann. § 15-78-60, including but not limited to all relevant subsections therein as determined by the facts presented at trial and discovery. Notice is hereby given that this Defendant does not hereby waive any subsections outlined within S.C. Code Ann. §15-78-60.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:
### (Reasonableness and Good Faith)

39. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

40. That this Defendant acted reasonably and in good faith at all times material herein, based on the material facts and circumstances known by them. Accordingly, the Plaintiff are not entitled to recover any damages from this Defendant whatsoever.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:
### (Qualified Immunity)

41. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

42. That at all times the employees of Beaufort County, functioning as a governmental entity of the State of South Carolina, were performing discretionary functions in their capacities as officials for a governmental entity and the State of South Carolina, and at no time did their conduct violate clearly established statutory or constitutional rights of which a reasonable person would have known nor was there ever any deliberate indifference shown to the Plaintiff by this Defendant.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:**
(Superseding / Intervening Cause)

43. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

44. Whatever injuries and damages, if any, may have been sustained by the Plaintiff were due to a superseding and/or intervening cause unknown to and, thus, beyond this Defendant's control.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:**
(Acts or Omission of a Person Other Than an Employee)

45. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

46. This Defendant is not liable for acts and/or omissions of persons other than employees, including but not limited to the criminal actions of third persons.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:**
(Public Duty Rule)

47. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

48. The Public Duty Rule negates the existence of a legal duty owed by this Defendant to the Plaintiff and, therefore, the Plaintiff' claims against this Defendant fail.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**
**(Waiver, Estoppel, Laches, Acquiescence, Stale Demand, Statute of Limitations, Service of Process, No Proximate Cause)**

49. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

50. Plaintiff' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, acquiescence, stale demand, statute of limitations, service of process, and or lack of proximate cause.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**
**(Emotional Distress)**

51. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

52. Any claims by Plaintiff for the intentional infliction of emotional distress are not actionable and are barred by the plain language of the South Carolina Tort Claims Act.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**
**(Duty to Mitigate)**

53. This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

54. Plaintiff has the duty to mitigate the damages alleged. To the extent Plaintiff does not mitigate her damages, she is barred from relief.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:**
**(No Constitutional Violation)**

55. The Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

56. That the alleged actions/inactions claimed by the Plaintiff and attributed to the Defendants did not rise to the level of constitutional violations and the Plaintiff did not suffer

any infringement of constitutional and/or federal rights, state rights, privileges, immunities, or equal protections of the law.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:**
**(Failure to exhaust administrative remedies)**

57.  This Defendant realleges and incorporates by reference all of the responses in Paragraphs above as if fully repeated herein verbatim.

58.  That the Plaintiff's Complaint must be dismissed as she has failed to exhaust the institutional administrative remedies available to her prior to the filing of this lawsuit.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:**
**(Reservation and Non-Waiver)**

59.  This Defendant realleges and incorporates by reference all responses in Paragraphs above as if fully repeated herein verbatim.

60.  This Defendant reserves the right to assert any additional and further defenses as may be revealed by additional information during the course of discovery and investigation, and as is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendant Beaufort County respectfully requests judgment on the pleadings and prays that the Complaint be dismissed with prejudice, for the costs of this action and defense related thereto, and for such other and further relief as the Court deems just and proper.

*[Signature line on following page]*

Respectfully submitted,

**BUYCK & SANDERS, LLC**
305 Wingo Way
P.O. Box 2424
Mt. Pleasant, SC  29465-2424
Telephone: (843) 377-1400
Facsimile: (843) 284-8105
Email:  george@buyckfirm.com

*S/George B. Smythe*

Hugh W. Buyck (Fed. ID # 6099)
George B. Smythe, Jr. (Fed. ID #13224)

Attorneys for Defendant, Beaufort County

November 6 , 2020
Mt. Pleasant, South Carolina